JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
UNITED STATES ATTORNEY
WILLIAM M. HUMPHRIES, IDAHO STATE BAR NO. 11709
DAVID G. ROBINS, IDAHO STATE BAR NO. 8494
ASSISTANT UNITED STATES ATTORNEYS
DISTRICT OF IDAHO
1290 W. MYRTLE STREET, SUITE 500
BOISE, IDAHO 83702
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>vs.<br><br>ALEX R. LLOYD,<br><br>             Defendant. | Case No. 3:22-cr-00083-BLW<br><br>**MOTION FOR PRELIMINARY ORDER OF FORFEITURE, FINAL AS TO DEFENDANT**[1] |

The United States requests that this Court enter a Preliminary Order of Forfeiture.

The record establishes: (a) the requisite nexus between the property subject to forfeiture and the offense, as required by Federal Rule of Criminal Procedure 32.2, and (b) a sufficient factual and legal basis for forfeiture.

The Preliminary Order of Forfeiture should include, but not be limited to, the following Subject Property and any Substitute Assets.

---

[1] A Preliminary Order of Forfeiture is final as to the Defendant.  Fed. R. Crim. P. 32.2(b)(4).  Thus, in many cases, a Final Order of Forfeiture is unnecessary.  In some cases, the United States will seek a Final Order of Forfeiture to resolve third party interests or other issues.

**MOTION FOR PRELIMINARY ORDER OF FORFEITURE, FINAL AS TO DEFENDANT – Page 1**

**Subject Property:**

1) An Apple iPhone 8 bearing International Mobile Equipment Identifier 356700088714345.

**Nexus and Factual Basis for Forfeiture**

The Defendant pleaded guilty to Count One, a violation of 18 U.S.C. § 2252(a)(5)(B). (Plea Hearing Minutes, ECF No. 17.) Defendant admitted he possessed child pornography. He also admitted he acquired and traded child pornography in Kik messaging groups using the Subject Property. (Plea Agreement, ECF No. 14.)

**Statutory Authority**

The Court's forfeiture authority originates from 18 U.S.C. § 2253(a), which provides that, when imposing sentence on any person convicted of a violation of 18 U.S.C. § 2252, the Court shall order that such person shall forfeit to the United States:

> (1) any visual depiction…or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter; (2) any property …constituting or traceable to gross profits or other proceeds obtained from such offense; and (3) any property...used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

**Substitute Assets**: Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government will seek forfeiture of substitute assets, "or any other property of the defendant" up to the value of the defendant's assets subject to forfeiture. The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

    a.     Cannot be located upon the exercise of due diligence;

    b.     Has been transferred or sold to, or deposited with, a third person;

**MOTION FOR PRELIMINARY ORDER OF FORFEITURE, FINAL AS TO DEFENDANT – Page 2**

      c.      Has been placed beyond the jurisdiction of the court;

      d.      Has been substantially diminished in value; or

      e.      Has been commingled with other property which cannot be subdivided without difficulty.

**No Final Order of Forfeiture / Property in ICAC custody**

The United States will not be pursuing a Final Order of Forfeiture for the Subject Property because the item is in the custody of a non-federal law enforcement entity, such as The Internet Crimes Against Children Task Force (ICAC). That entity will determine the final disposition (typically destruction of devices containing child pornography) once the defendant's interests are terminated by the Preliminary Order of Forfeiture.

WHEREFORE, the United States respectfully requests that this Court enter judgment of criminal forfeiture by issuing the Preliminary Order of Forfeiture, forfeiting the Defendant's interest in the Subject Property.

It is further requested that the United States be authorized, pursuant to Rule 32.2(b)(3) and 32.2(c)(1)(B), to conduct any discovery, including depositions, necessary to (1) identify, locate or dispose of the property ordered forfeited herein, any property traceable thereto, or any property that may be forfeited as substitute assets; and (2) to expedite ancillary proceedings related to any third party interests claimed pursuant to Section 853(n).

Pursuant to Rule 32.2(b)(4), this Preliminary Order of Forfeiture shall be and hereby is final as to the defendant and shall be made part of the sentence and included in the judgment at the time of sentencing.

**MOTION FOR PRELIMINARY ORDER OF FORFEITURE, FINAL AS TO DEFENDANT –
Page 3**

A proposed Preliminary Order of Forfeiture is being submitted to the Court via email.

Respectfully submitted this 14th day of November, 2022.

                JOSHUA D. HURWIT
                UNITED STATES ATTORNEY
                By:

                */s/ William M. Humphries*
                WILLIAM M. HUMPHRIES
                Assistant United States Attorney